COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                              SUPERIOR COURT
                                                        DOCKET NO.

_____
                                    )
YANIL HENRIQUEZ,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )
                                    )
CITY OF LAWRENCE,                   )
CHIEF OF POLICE JOHN ROMERO,        )
and                                 )
OFFICER CLAUDIO CAMACHO             )
                                    )
            Defendants              )
_____ )

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** Yanil Henriquez, Plaintiff in the above-captioned matter, by and through her attorney, Marsha V. Kazarosian, Esquire, of KAZAROSIAN, COSTELLO & O'DONNELL, LLP, and hereby complains against Defendants City of Lawrence, City of Lawrence Chief of Police John Romero, and City of Lawrence Police Officer Claudio Camacho, for violations of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, 42 USC § 1983, MGL c. 12 §§11H-I, the Massachusetts Torts Claims Act, and the common law of the Commonwealth of Massachusetts pursuant to unlawful arrest, use of excessive force, mistreatment, assault and battery, false imprisonment, intentional inflectional of emotional distress, negligent infliction of emotional distress, negligence, and severe physical and emotional injuries suffered by the Plaintiff as a result of the Defendants' wrongful actions and/or omissions, as more particularly set forth below.

Further, Plaintiff seeks attorneys' fees and costs pursuant to the within referenced

KAZAROSIAN
COSTELLO &
O'DONNELL LLP

HAVERHILL, MA
LOWELL, MA
SALEM, MA

- 1 -

sections of the United States Code as well as the Massachusetts Civil Rights Statute, against individual Defendants and the municipality which promoted, fostered, permitted, and/or adopted policies, procedures, and engaged in omissions for its law enforcement officers which were the direct and proximate cause of the intimidation, coercion, damages, physical abuse, and other damages suffered by Plaintiff in violation of her rights, privileges, and immunities secured by the Constitution of the United States and the Commonwealth of Massachusetts.

Moreover, Plaintiff seeks Punitive Damages.

## JURISDICTION

This Action is brought pursuant to 42 USC §§ 1983 and 1988, as well as the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 USC §§1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 USC §1367 to hear and decide claims arising under Massachusetts law.

## PARTIES

1. Plaintiff, Yanil Henriquez, (hereinafter "Ms. Henriquez"), resides at 61 Berkeley Street, Lawrence, Essex County, Massachusetts.

2. Defendant, City of Lawrence, (hereinafter "City"), is a municipality established and existing under the General Laws of the Commonwealth of Massachusetts with its City Hall located at 200 Common Street, Lawrence, Massachusetts, and was at all times relevant the employer of Chief of Police John Romero, and Officer Claudio Camacho, and is a public employer within the meaning of MGL c. 258 §1.

3. At all times relevant, City promulgated and otherwise adopted under color of law certain rules, practices, procedures and policies for use by its law enforcement officers as well as certain ordinances, by-laws, custom and usages, which allowed and/or encouraged the

KAZAROSIAN
COSTELLO &
O'DONNELL LLP

HAVERHILL, MA
LOWELL, MA
SALEM, MA

actions taken by the individual Defendants which thereby deprived Ms. Henriquez of her rights and privileges under the Constitution and laws of the United States and Commonwealth of Massachusetts.

4. Defendant John Romero, Lawrence Police Department Chief of Police, (hereinafter "Romero"), is named in his individual and official capacity and was at all times relevant the duly appointed Chief of the Lawrence Police Department ("hereinafter Department"), acting under color of law and employed by City, with an office within the Department at 90 Lowell Street, Lawrence, Massachusetts.

5. At all times relevant, Romero was acting in his individual capacity and/or his official capacity as Department Chief of Police. His acts and/or omissions as Department Chief of Police were performed under color of law, regulations, ordinances, rules, customs and usage of City and the Statutes of the Commonwealth of Massachusetts.

6. Defendant Claudio Camacho (hereinafter "Camacho") is named in his individual and official capacity and was at all times relevant employed as a Police Officer by City and was acting in such capacity as an agent, servant or employee of City and Department, and was acting under the direction and control of Romero, City, and Department, and was acting under color of law pursuant to either official policy, or to the custom, practice, and usage of City and Department and the Statutes of the Commonwealth of Massachusetts.

## FACTS

7. On or about the evening of March 2, 2013, and into the early morning of March 3, 2013, Ms. Henriquez attended a concert featuring the artist "Black Jonas Point," at (then-named) Club Rio (hereinafter "Rio"), located at 9 Appleton Street in Lawrence, Massachusetts.

KAZAROSIAN
COSTELLO &
O'DONNELL LLP

HAVERHILL, MA
LOWELL, MA
SALEM, MA

- 3 -

8. Also present at the concert was Maria Ventura (hereinafter "Ventura"), although Ventura and Ms. Henriquez attended the concert separately. Ventura is/was an acquaintance of Ms. Henriquez.

9. At or about 1:15 a.m. on March 3, 2013, Ms. Henriquez, while waiting to be picked up by her ride, was acting in an orderly manner while standing on the front steps of Rio.

10. Ms. Henriquez was lawfully on the premises of Rio, was a patron and/or invitee of Rio, and was not trespassing.

11. Without cause or provocation, Camacho approached Ms. Henriquez as she stood in front of Rio and began questioning, berating, and intimidating her. When Camacho approached Ms. Henriquez, Ms. Henriquez was on her cell phone, attempting to reach her sister to arrange to be picked up.

12. Camacho ordered Ms. Henriquez to move off the steps for no apparent reason. Camacho then informed Ms. Henriquez that he would be counting to three, and that if she did not move by the time he counted to three, Camacho would pepper spray her.

13. Camacho then counted to three. Immediately after counting to three, Camacho pepper sprayed Ms. Henriquez directly in her face and eyes without cause or provocation.

14. Upon being pepper sprayed, Ms. Henriquez was unable to see. Instinctively, Ms. Henriquez brought her arms to her face and began trying to clear the pepper spray out of her eyes with her hands.

15. Suddenly, and without warning, cause, or provocation, Camacho, with a closed fist, punched Ms. Henriquez directly on the left side of her face, making contact with her cheek, upper jaw, and eye.

KAZAROSIAN
COSTELLO &
O'DONNELL LLP

HAVERHILL, MA
LOWELL, MA
SALEM, MA

- 4 -

16. Upon being punched by Camacho and having been pepper-sprayed, Ms. Henriquez was immediately incapacitated and was still unable to see.

17. Camacho, again without warning, cause, or provocation, proceeded to violently grab Ms. Henriquez by the neck and threw her to the ground.

18. During this time, Ms. Henriquez was unable to defend herself, and began screaming for help.

19. Despite her pleas for help, Camacho pinned Ms. Henriquez to the ground with the full force of his weight, and banged Ms. Henriquez's head on the ground, while continuing to yell at her, berate her, and humiliate her in front of onlookers.

20. Ms. Henriquez then felt herself being picked up off the ground and handcuffed. Ms. Henriquez did not struggle or make any movements of her own volition during this time.

21. Ms. Henriquez was then escorted to a police cruiser.

22. As she was being escorted to the cruiser, Ms. Henriquez was bleeding profusely from her nose and was unable to walk under her own power.

23. Ms. Henriquez was then transported to the Department Station. Upon arrival at the Department Station, Ms. Henriquez was placed in a holding cell, where she was kept for at least ninety minutes.

24. Ms. Henriquez made repeated pleas and requests for medical attention while being held in the cell. However, no one offered her or provided her with any medical attention.

25. In response to Ms. Henriquez's pleas for medical attention, Sargent Guerrero, a Department employee who was present at the Department Station at the time, stated to Ms. Henriquez that she would not be receiving any medical attention, and that if the

KAZAROSIAN
COSTELLO &
O'DONNELL LLP

HAVERHILL, MA
LOWELL, MA
SALEM, MA

5

Department complied with every request for medical attention, the "hospital would be a circus."

26. At all times relevant, Ms. Henriquez conducted herself in an orderly manner.

27. Ventura witnessed the events set forth above, starting from when Ms. Henriquez was approached by Camacho, until Ms. Henriquez was escorted into the police cruiser.

28. Camacho, without justification, cause, or provocation, used unnecessary and/or excessive force, and in doing so, inflicted personal injuries upon Ms. Henriquez's head and body.

29. As a result of the head and body injuries inflicted upon Ms. Henriquez by Camacho, Ms. Henriquez suffered facial and scalp contusions and a fracture of the left medial orbital wall with extensive periorbital and facial subcutaneous edema extending into the left extraconal fat, among other injuries to her head, shoulders and arms, and neck.

30. Ms. Henriquez suffered and continues to suffer from physical pain, including headaches and pain in her shoulder and arm, severe emotional distress, anxiety, fear, insomnia, embarrassment, and stress.

31. In addition to her physical and emotional injuries, Ms. Henriquez also continues to feel anxious and paranoid at the sight or thought of a police officer.

32. Prior to March 3, 2013, City and Romero had available to them, were aware of, and/or were possessed of information that numerous individuals had made numerous allegations of excessive force against Department Officers, yet neither City nor Romero took appropriate steps to investigate, discipline, supervise, monitor, or train their Officers in order to safeguard citizens against the possibility of harm resulting from such actions, thereby exhibiting extreme and/or deliberate indifference to the safety of persons who may come in contact with their Officers, and willfully turning a blind eye to the dangers

KAZAROSIAN
COSTELLO &
O'DONNELL LLP

HAVERHILL, MA
LOWELL, MA
SALEM, MA

6

posed to persons in contact with their Officers, thereby engaging in a pattern and/or practice of deliberate indifference to and/or reckless disregard for the omissions and conduct that caused damage to Ms. Henriquez.

33. Ms. Henriquez properly gave notice to Lawrence pursuant to M.G.L. c. 258, Section 4.

## CAUSES OF ACTION

### COUNT I (Violations of 42 U.S.C. Section 1983) and the Fourth, Fifth and Fourteenths Amendments for Use of Unreasonable Force and Deprivation of Rights
### (Yanil Henriquez v. Camacho)

34. Ms. Henriquez restates, re-alleges and incorporates by reference Paragraphs 1 through 33, as set forth above.

35. This count is brought against Camacho, individually, for the use of unreasonable and excessive force against Ms. Henriquez, including but not limited to use of pepper spray, punching her in the face, knocking her down and banging her head against the ground and causing her to sustain injuries including but not limited to a fracture of her left medial orbital wall.

36. Camacho's conduct deprived Ms. Henriquez of her clearly established rights including but not limited to the right to be free from unreasonable force and seizure by police officers.

37. Camacho's action as set forth herein were taken with deliberate or reckless disregard for Ms. Henriquez's constitutional rights, and were taken under the color of law and without justification and due process of law.

38. Said conduct obstructed the course of justice and deprived Ms. Henriquez of her federal constitutional rights, including but not limited to her substantive due process right to

KAZAROSIAN
COSTELLO &
O'DONNELL LLP

HAVERHILL, MA
LOWELL, MA
SALEM, MA

-7-

equal protection, privacy and bodily integrity under the Fourth and Fourteenth Amendments, which includes without limitation her rights to be free from intimidation and humiliation.

39. As a direct and proximate cause of the aforesaid acts of Camacho, who was acting under color of law, Ms. Henriquez has suffered and continues to suffer from damages including but not limited to physical injuries, personal injuries, pain and suffering, mental anguish, severe humiliation, embarrassment, emotional distress, special damages, degradation, medical expenses, and other damages, including the necessity of defending against criminal charges stemming from the incident, which were brought against her without any merit, and were ultimately dismissed.

### COUNT II
### (Violation of Civil Rights, 42 U.S.C. §1983)
### (Yanil Henriquez v. City and Romero)

40. Ms. Henriquez restates, re-alleges and incorporates by reference Paragraphs 1 through 39, as set forth above.

41. This count is brought against City and Romero for their above-described civil rights violations pursuant to 42 U.S.C. §1983.

42. At all times relevant hereto, Camacho, while an agent, servant, and/or employee of City, and under the direct supervision and responsibility of Romero, was acting under the color of law and within the scope of his authority as a police officer pursuant to established policies, rules, regulations, ordinances, customs, laws and usages of City and Romero.

43. City and Romero participated in a pattern of acts and omissions of improper supervision, failure to train, failure to discipline, and failure to establish protocols and safety measures

KAZAROSIAN
COSTELLO &
O'DONNELL LLP

HAVERHILL, MA
LOWELL, MA
SALEM, MA

-8-

to protect citizens against behavior known to them to be high risk, namely Camacho and other Lawrence Police Department Officers' use of excessive force and/or lack of appropriate discipline, training and supervision.

44. As a result of the absence of any adequate supervision, training, monitoring, or discipline of their Officers, namely Camacho, an individual known to City and Romero as being a person against whom allegations of excessive force and/or inappropriate behavior had been made in the past, Ms. Henriquez was deprived of her constitutional rights of due process and equal protection under the Fourth, Fifth and Fourteenth Amendments, including without limitation, the substantive right to privacy and bodily integrity.

45. There was no justification or excuse in law for City's or Romero's failure to address or investigate the prior information evidencing improper, illegal, and/or dangerous conduct of the members of its police force in general, including but not limited to Camacho.

46. City and/or Romero knew or should have known of the fact that Lawrence Police Officers' had a habit of engaging in excessive force, inappropriate behavior, and conduct unbecoming police officers, all under color of law, including but not limited to Camacho. As such, Romero and City knew or should have known that their failure to take appropriate action to ensure against the continuation of such high risk and dangerous behavior would result in a likelihood that such behavior would continue to occur, thereby risking harm to the citizens of Lawrence. Nevertheless, neither City nor Romero took appropriate steps easily available to them, nor demonstrated any effort or attempt to halt or protect persons in contact with the police against this continuing course of conduct, in reckless disregard or deliberate indifference to Ms. Henriquez' rights.

KAZAROSIAN
COSTELLO &
O'DONNELL LLP

HAVERHILL, MA
LOWELL, MA
SALEM, MA

47. City and Romero's conduct of deliberate indifference obstructed the course of justice and deprived Ms. Henriquez of her federal constitutional rights, including but not limited to her substantive due process right to equal protection, privacy and bodily integrity under the Fourth, Fifth and Fourteenth Amendments, which includes without limitation her rights to be free from intimidation and humiliation

48. City and Romero's conduct as described herein demonstrates City's and Romero's deliberate indifference to the rights of persons with whom its police officers may come in contact; said indifference being the direct and proximate cause of Ms. Henriquez's damages, including but not limited to her physical injuries, personal injuries, pain and suffering, mental anguish, severe humiliation, embarrassment, emotional distress, special damages, degradation, medical expenses, and the and other damages, including the necessity of defending against criminal charges stemming from the incident, which were brought against her without any merit, and were ultimately dismissed.

<u>COUNT III</u>
<u>(Violation of Civil Rights, M.G.L. c. 12 §§11H AND 11I)</u>
(Yanil Henriquez v. All Defendants)

49. Ms. Henriquez restates, re-alleges and incorporates by reference Paragraphs 1 through 48, as set forth above.

50. By force, coercion, threats and intimidation, Ms. Henriquez's civil rights as protected by the Massachusetts Civil Rights Act, M.G.L. c. 12 §11I have been violated by virtue of Camacho's assault and battery and false imprisonment against her, facilitated and fostered or permitted by the policies, practices, procedures and/or knowing omissions as set forth herein, which violated her rights to substantive due process and her right to

KAZAROSIAN
COSTELLO &
O'DONNELL LLP

HAVERHILL, MA
LOWELL, MA
SALEM, MA

-10-

privacy including bodily integrity.

51. As a direct and proximate cause of this violation, Ms. Henriquez has suffered and continues to suffer damages, including but not limited to her physical injuries, personal injuries, pain and suffering, mental anguish, severe humiliation, embarrassment, emotional distress, special damages, degradation, medical expenses, and other damages, including the necessity of defending against criminal charges stemming from the incident, which were brought against her without any merit, and which were ultimately dismissed.

## COUNT IV
### Claim Under Massachusetts Law for Assault and Battery Against Camacho
(Yanil Henriquez v. Camacho)

52. Ms. Henriquez restates, re-alleges and incorporates by reference Paragraphs 1 through 51 as set forth above.

53. Camacho committed the common law tort of assault and battery against Ms. Henriquez when he threatened and applied unreasonable force as described herein, without legal justification, right, privilege or defense, directly and proximately causing her to have suffered and continue to suffer damages, including but not limited to physical injuries, personal injuries, pain and suffering, mental anguish, severe humiliation, embarrassment, emotional distress, special damages, degradation, medical expenses, and other damages, including the necessity of defending against criminal charges stemming from the incident, which were brought against her without any merit, and which were ultimately dismissed.

## COUNT V
### (False Imprisonment)
(Yanil Henriquez v. Camacho)

KAZAROSIAN
COSTELLO &
O'DONNELL LLP

HAVERHILL, MA
LOWELL, MA
SALEM, MA

54. Ms. Henriquez restates, re-alleges and incorporates by reference Paragraphs 1 through 53, as set forth above.

55. Camacho falsely imprisoned Ms. Henriquez by unlawfully and intentionally confining her, under color of law, against her will, without legal justification, right, privilege or defense, directly and proximately causing her to have suffered and continue to suffer damages, including but not limited to physical injuries, personal injuries, pain and suffering, mental anguish, severe humiliation, embarrassment, emotional distress, special damages, degradation, medical expenses, and other damages, including the necessity of defending against criminal charges stemming from the incident, which were brought against her without any merit, and which were ultimately dismissed.

### COUNT VI
### (Intentional Infliction of Emotional Distress)
### (Yanil Henriquez v. Camacho)

56. Ms. Henriquez restates, re-alleges and incorporates by reference Paragraphs 1 through 55, as set forth above.

57. Camacho intentionally inflicted upon Ms. Henriquez severe emotional distress and personal injuries by intentionally engaging in the extreme and outrageous conduct calculated to have a severe impact on their emotional state, or alternatively, engaging in conduct that Defendants knew or should have known would likely result in Ms. Henriquez suffering severe emotional distress as set forth herein, thereby directly and proximately causing her to have suffered and continue to suffer damages, including but not limited to physical injuries, personal injuries, pain and suffering, mental anguish, severe humiliation, embarrassment, emotional distress, special damages, degradation,

KAZAROSIAN
COSTELLO &
O'DONNELL LLP

HAVERHILL, MA
LOWELL, MA
SALEM, MA

-12-

medical expenses, and other damages, including the necessity of defending against criminal charges stemming from the incident, which were brought against her without any merit, and were ultimately dismissed.

### COUNT VII (Negligent Infliction of Emotional Distress)
### (Yanil Henriquez v. Camacho

58. Ms. Henriquez restates, re-alleges and incorporates by reference Paragraphs 1 through 57, as set forth above.

59. Camacho negligently inflicted upon Ms. Henriquez severe emotional distress and personal injuries by engaging in extreme and outrageous conduct having a severe impact on Ms. Henriquez's emotional state, or alternatively, engaging in conduct that the Defendants knew or should have known would likely result in Ms. Henriquez suffering emotional distress as set forth herein, thereby directly and proximately causing her to have suffered and continue to suffer damages, including but not limited to physical injuries, personal injuries, pain and suffering, mental anguish, severe humiliation, embarrassment, emotional distress, special damages, degradation, medical expenses, and other damages, including the necessity of defending against criminal charges stemming from the incident, which were brought against her without any merit, and were ultimately dismissed.

### COUNT VIII (Claim Under MGL c. 258 for Negligence)
### Yanil Henriquez v. City

60. Ms. Henriquez restates, re-alleges and incorporates by reference Paragraphs 1 through 59, as set forth above.

61. Acting within his employment by City, Camacho negligently used excessive force against Ms. Henriquez, as set forth herein.

62. As a direct and proximate cause of this conduct, Ms. Henriquez suffered injuries

KAZAROSIAN
COSTELLO &
O'DONNELL LLP

HAVERHILL, MA
LOWELL, MA
SALEM, MA

described herein.

## DEMANDS FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

A.   Award compensatory and special damages to Plaintiff against the Defendants jointly and severally;

B.   Award punitive damages to Plaintiff against Defendants jointly and severally;

C.   Award reasonable attorney's fees and costs to Plaintiff; and

D.   Award any other relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts.

Respectfully submitted,
Yanil Henriquez
By her attorneys,

Date:   December 18, 2014

_____
Marsha V. Kazarosian, Esquire
BBO #262670
KAZAROSIAN LAW OFFICES
546 Main Street
Haverhill, MA  01830
Tel. (978) 372-7758

## VERIFICATION

*THIS COMPLAINT IS PERSONALLY SIGNED BY THE PLAINTIFFS UNDER THE PAINS AND PENALTIES OF PERJURY AND IS TRUE AND ACCURATE TO THE BEST OF THEIR KNOWLEDGE, INFORMATION, AND BELIEF.*

_____
Yanil Henriquez

KAZAROSIAN
COSTELLO &
O'DONNELL LLP

HAVERHILL, MA
LOWELL, MA
SALEM, MA

14